IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

LEESIA BOZARTH                                          PLAINTIFF

v.                             No. 3:15-cv-162-DPM

CARE IMPROVEMENT PLUS                                   DEFENDANT

## ORDER

1. Is Leesia Bozarth's complaint, which alleges Care Improvement Plus failed to pay for her hearing aid, premature? Bozarth enrolled in Care Improvement Plus's Medicare supplement insurance plan. After enrolling, she had her hearing tested. NEA Baptist Clinic determined that Bozarth needed a hearing aid. Before Bozarth was fitted, NEA sought and received assurance of coverage from Care Improvement Plus. Bozarth got her hearing aid; but the plan hasn't paid for it. Bozarth sued Care Improvement Plus in state court. The plan removed the case and now moves to dismiss for several reasons — including lack of subject matter jurisdiction because Bozarth didn't exhaust her administrative remedies. FED. R. CIV. P. 12(b)(1). Bozarth says the plan never told her about those procedures. The Court must take all the complaint's factual allegations about jurisdiction as true. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

**2.** Care Improvement Plus is correct on exhaustion. Bozarth must exhaust her administrative remedies before filing suit. 42 U.S.C. §§ 405(g), 1395ff. She didn't. A district court may not review this dispute until the Secretary of Health and Human Services has made a final decision on this medicare-related matter. 42 U.S.C. §§ 405(h), 1395ii. The plan asserts, and Bozarth doesn't dispute, that her claims arise under the Medicare Act. The Court agrees. *Heckler v. Ringler*, 466 U.S. 602, 614 (1984). Therefore, Bozarth must pursue her administrative remedies to the end before filing a lawsuit about her hearing aid. 42 U.S.C. § 405(g)–(h).

Bozarth argues that a no-exhaustion dismissal would offend due process because she never got notice of the administrative appeals procedure. № 8 at 2. The lack of notice is unfair, but Bozarth hasn't established sufficient unfairness or compelling reasons to relax the usual procedures. A court can waive exhaustion only in exceptional circumstances. *Titus*, 4 F.3d at 592–93. To get through that narrow gate, Bozarth must show three things: (1) her claims are collateral to her claim for benefits; (2) she will suffer irreparable harm; and (3) exhaustion would be futile. *Bowen v. City of New York*, 476 U.S. 467, 482–84 (1986); *Titus*, 4 F.3d at 592. Bozarth hasn't made this showing. Her

claim here overlaps with her claim for benefits, and seeks a further recovery for all the resulting headache. Her harm is financial. And it's not clear that pursuing administrative remedies would be futile.

**3.** The Court lacks subject matter jurisdiction over Bozarth's premature lawsuit. The dismissal will be without prejudice.

*   *   *

Motion to dismiss, № 5, granted.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_28 August 2015_